UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES BRADLEY HICKEY, | : | Case No. 1:06-cv-845 |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| TERRY LOWRY, *et al.* | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE COMPLAINT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE; AND (2) THIS CASE BE CLOSED**

Plaintiff filed his complaint in this case, by counsel, on December 11, 2006. (Doc. 1.) Although this case was filed nearly one year ago, the record contains no indication that the named Defendants have waived service of process or that Plaintiff has served the named Defendants with a summons or with a copy of the complaint. Unless the time is extended by the Court upon a showing of good cause, service must be made within 120 days of filing the complaint. *See* Fed. R. Civ. P. 4(m).

On April 23, 2007, Plaintiff was ordered to show cause why this case should not be dismissed for lack of service. (Doc. 4.) Plaintiff filed a *pro se* response in which he described difficulties in communicating with his attorney and asking for additional time to find substitute counsel. (Doc. 5.) The Court granted an extension of time and ordered

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff to advise the Court on or before June 18, 2007 whether he had obtained substitute counsel or whether he was proceeding *pro se*. (Doc. 6.) Plaintiff responded with a request for additional time, which was granted. (*See* Docs. 7, 10.)

Twice more, Plaintiff requested additional time in which to comply with the Courts' orders to provide proof of service. (*See* Docs. 12, 14.) Each request was granted. (*See* Docs. 13, 15.)

Each Order granting a further extension included a caution that a failure to properly serve the named Defendants could result in a dismissal for lack of prosecution. (*See* Docs. 10, 13, 15.) Additionally, the most recent Order, issued on October 25, 2007, provided information detailing the service requirement. (*See* Doc. 15 at pp. 6-7.) Plaintiff again was cautioned that a failure to comply with the Order would result in a recommendation that this matter be dismissed for lack of prosecution. (*Id.* at p. 8.) Although the time specified in the Order has passed, Plaintiff has not provided proof of service or filed any other response to the Order.

Although the Court prefers to adjudicate cases on their merits, Plaintiff has engaged in a clear pattern of delay by failing to comply with the requirement to perfect service. Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Hobson v. Department of Treasury*, No. 99-1274, 2000 WL 145170 (6th Cir. Feb. 1, 2000).

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's complaint (Doc. 1)

be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b), and that this case be **CLOSED.**

Date:   11/29/07                                                     s/Timothy S. Black                
                                                        Timothy S. Black
                                                        United States Magistrate  Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES BRADLEY HICKEY, | : | Case No. 1:06-cv-845 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| TERRY LOWRY, *et al.* | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date of entry of this Report and Recommendation.  This period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).